Elsie LEMAY *v.* V. L. BALDRIDGE

CA 81-425                                    635 S.W.2d 4

Court of Appeals of Arkansas
Opinion delivered June 23, 1982

*Wilson, Grider & Castleman,* by: *Murrey L. Grider,* for appellant.

No brief for appellee.

LAWSON CLONINGER, Judge. Appellant, Elsie Lemay, sought damages for one-half the value of timber cut by appellee, V. L. Baldridge, on a 200-acre tract of land owned by appellant as tenant by the entirety. Appellee had entered into a written contract with appellant's husband to cut the timber, but the contract was not signed by appellant. Appellant also sought triple damages under the provisions of Ark. Stat. Ann. § 50-105 (Repl. 1971). The jury found in favor of appellee, and appellant's only point for reversal charges that the trial court erred in failing to direct a verdict for her.

The action of the trial court is affirmed.

On April 12, 1978, appellee entered into the contract with appellant's husband. The contract provided that appellee was to have the right to cut all trees above twelve inches in diameter on the 200-acre tract, and Mr. Lemay was to receive one-fourth of the proceeds of the timber cut and sold. Cutting was sporadic because of a divorce action between the Lemays.

Evidence adduced by appellee was to the effect that he cut timber over a period of two years and paid Mr. Lemay $3,250 as his share; that the Lemays were living together as husband and wife when the contract was made and the cutting began; that appellant received one check as her proportionate share of the proceeds of sales made following the divorce; that the Lemays had talked about selling the timber at great length and that Mr. Lemay sold the timber with appellant's approval; that Mr. Lemay supported appellant during the marriage; and that appellee ceased cutting operations when a dispute arose.

Appellant sharply controverted the testimony presented by appellee, charging that appellant objected to the cutting of the timber when she first discovered it. Appellant testified that she never consented to the agreement and that appellee continued to cut timber after appellant registered an objection.

On appeal from the denial of a directed verdict this court must examine the evidence in the light most favorable to the party opposing the motion. *Missouri Pacific Railroad Company* v. *Purdy*, 263 Ark. 654, 567 S.W.2d 92 (1978). When the evidence is viewed in that light, it becomes apparent that there were issues of fact to be presented to the jury.

Appellant cites only two cases: *Foshee* v. *Murphy*, 267 Ark. 1047, 593 S.W.2d 486 (Ark. App. 1980) is cited for the rule that either spouse owning property by the entirety may transfer his or her interest, although it cannot thus affect the interest of the other; and *Gardner* v. *Bullard*, 241 Ark. 75, 406 S.W.2d 368 (1966) is cited to support the proposition that each party in a tenancy by the entirety is entitled to one-half

of the rents and profits during coverture. The jury was properly presented the issues relating to appellant's consent to the contract, acceptance of benefits under the contract, and ratification of the agreement made by her husband.

The judgment is affirmed.